IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHRISTOPHER M. WATSON, #1582187 | § § § |
| Petitioner, | § § |
| v. | §     Case No. 6:25-cv-477-JDK-KNM § |
| DIRECTOR, TDCJ-CID, | § § § |
| Respondent. | § |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Christopher M. Watson, a prisoner of the Texas Department of Criminal Justice proceeding pro se, filed this second or successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 without obtaining prior authorization from the United States Court of Appeals for the Fifth Circuit. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case. On December 1, 2025, Judge Mitchell issued a Report recommending that the petition be dismissed without prejudice for lack of subject matter jurisdiction, and that a certificate of appealability be denied. Docket No. 2. Petitioner filed written objections. Docket No. 4.

This Court reviews the findings and conclusions of the Magistrate Judge de novo if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on*

1

*othergrounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

This Court dismissed Petitioner's first Section 2254 petition challenging his 2009 conviction as time-barred on June 12, 2025. *Watson v. Director*, No. 6:22-cv-321 (E.D. Tex. Jun. 12, 2025) (dismissing with prejudice) ("*Watson I*"). Petitioner did not appeal that judgment. He submitted the instant petition on November 15, 2025, to challenge the same conviction. Docket No. 1 at 17.

In his objections, Petitioner does not dispute that this is a second or successive petition or that he has failed to obtain the required authorization from the Fifth Circuit. He instead argues that he is entitled to bring a second or successive petition because of "newly discovered evidence." Docket No. 4 at 1. But none of the evidence he raises is newly discovered at all. Indeed, Watson acknowledges in his objections that his claim is based on records of his low I.Q. that were "read[il]y available" to trial counsel. *Id*. "Evidence does not qualify as 'new' . . . 'if it was always within the reach of [the petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 535 F.3d 454, 465 (2009)).

Furthermore, Petitioner already raised this claim in his previous petition. In his initial petition in *Watson I*, Petitioner expressly argued that counsel had been ineffective in advising a guilty plea "despite petitioner's mental retardation" and records indicating that "Petitioner was mentally incompetent." Petition at 4–5, *Watson I* (Aug. 15, 2022). Our habeas laws explicitly state that "[a] claim presented

in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

Consequently, the Court lacks jurisdiction to consider Petitioner's claims and "may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or . . . transfer the successive petition to the Fifth Circuit Court of Appeals to determine whether the petitioner should be allowed to file the petition in the district court." *Lowery v. Lumpkin*, No. 4:23-CV-289-P, 2023 WL 5706272, at *3 (N.D. Tex. Sept. 5, 2023) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2000); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)). In this case, the Court chooses dismissal.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. Accordingly, the Court **OVERRULES** Petitioner's objections (Docket No. 4) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 2) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** without prejudice to Petitioner's right to seek authorization from the Fifth Circuit to file a second or successive petition. The Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **23rd** day of **December, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3